## Paden *against* Akin.

It is not essential to the validity of a sale of unseated lands for taxes, that they should be sold two years after the tax was assessed: if not then sold or offered for sale, they may be sold at any subsequent biennial sale.

Notice affecting the title to land or acts to be done upon it need only be given to the tenant in possession.

If one in possession of land makes large and valuable improvements upon it with notice of an outstanding title in another, it clothes him with no equity with which he can defend himself in an ejectment founded upon that title.

ERROR to the Common Pleas of *Beaver* county.

David Akin and others against John Paden and others. Ejectment for 250 acres of land. The plaintiff's title was founded upon a treasurer's sale, made on the 13th June 1826, for the taxes of the years 1821 and 1822.

The defendant claimed under Abner Lacock, who it was proved put a tenant in possession of the land in 1824, and that possession was continued until 1834, when Lacock conveyed to Paden, the defendant, who went into possession and made improvements worth $1700, before this suit was brought, which was in 1841. It was proved that when Paden purchased, Akin gave notice to his tenant in possession not to make improvements on the land, for if he did he would do it at his own risk: Akin said that he was in no hurry to bring suit, that the land was getting better, and that he had given notice to Paden not to improve.

The defence was that the sale of the land to the plaintiff in 1826 for the taxes assessed for 1821 and 1822 was void, because the Act of 1815 with regard to the sale of unseated land, requires

[Paden v. Akin.]

that it should be sold at and after the period of two years; that inasmuch as this land was not sold or offered for sale in 1824, when there was a treasurer's sale, it could not legally be sold in 1826. And also that the long possession of the defendant, accompanied with large and valuable improvements, made with the knowledge of the plaintiffs, who delayed their ejectment that improvements might be made, clothed the defendants with such an equity as should prevent the plaintiff's recovery. That the notice to Paden's tenant was not notice to him.

The court below (BREDIN, President) ruled both points against the defendants.

*Washington,* for plaintiff in error, cited 5 *Watts & Serg.* 540.

*Agnew,* contra, cited 6 *Watts* 281; 8 *Watts* 548, 158; 17 *Serg. & Rawle* 383.

PER CURIAM, there can be no implied statute of limitations against the public, and in this instance there is certainly no express one. There must be some particular time appointed to sell unseated land for taxes; and a biennial period was thought more convenient and effective than an annual one. It was adopted to give comparative ease to the landholder by relieving him from the constant apprehension of having his land sold when his attention might be drawn to other matters. It was thought another year might be allowed him to pay, without detriment to the county. The Act of 1815, by which it was allowed, is a supplement of the Act of 1804, which declares in the second section of it that " the collection of taxes already laid or that hereafter shall be laid," should not be enforced till the expiration of a year from the assignment. This provision is general and sweeping; and the supplemental Act adds no more to it than permanently to fix a day in every other year for the commencement of the sales. Such has been the general understanding; and to introduce another interpretation now, would make havoc of many titles. There must doubtless be hard cases under the general practice—and *Murray* v. *Guildford* was one of them—but it is the province of the legislature, not of the judiciary, to provide prospective relief.

The other point is equally clear. The tenant in possession, wearing the external badges of ownership, was the person to receive notice. He was a tortfeasor, and the party had nothing to do with any one else. He was not bound to know or seek the landlord, or to go beyond the premises, which was the proper place for service.

Judgment affirmed.